JUSTICE LEAPHART,
dissenting.
I dissent from the Court’s opinion and I would affirm the judgment of the District Court. It appears that Stanchfield was trying to complete the Certificate of Survey (COS) before the new law went into effect on April 6, 1993. To meet that deadline, Stanchfield filed the COS before the monuments had been set on the property. However, the internal monuments were set in March before the new law took effect and before any sales had been made. The ARMs contemplate that monuments can be set after the filing of the COS if the installation of improvements would interfere with their placement. 8.94.3001(l)(d), ARM.
In this case, according to industry custom, the monuments were not set because of the snow and weather conditions. The Court asserts that improvements are the only recognized exception to the requirement that monuments be set prior to filing the COS. Even if improvements are the only exception, the District Court found that:
while the regulations and statutes generally requir [e] monuments to be set prior to filing the certificate of survey, they clearly recognize that conditions may make that impractical. Here, because of weather and uncertainty as to the construction of roads or other improvements, etc., the surveyor was unable to set the monuments prior to filing the COS .... [Emphasis added.]
This finding, which the majority fails to address, brings this case within the improvements exception. The parties agree that the purpose of the COS is to disclose “facts pertaining to boundary locations” and to “allow others to find the boundaries depicted thereon.” Given that the COS and the monuments were completed before the sale in question, the agreed upon purpose was satisfied.
*53 To satisfy the majority, all that Stanchfield would have been required to do is refile the COS after the monuments had been set. Here, the monuments were set before the new law went into effect and before any sales had been made. In this case, the fact that monuments were not set until approximately six weeks after COS 792 was filed does not harm the public or NFC. To require Stanchfield to refile the COS after the monuments had been set would have been to require a useless act.
Furthermore, the penalty for violating the Montana Subdivision and Platting Act is a criminal sanction. The action can be brought by the county attorney. Section 76-3-105, MCA, provides:
Any person who violates any provision of this chapter or any local regulations adopted pursuant thereto shall be guilty of a misdemeanor and punishable by a fine of not less than $100 or more than $500 or by imprisonment in a county jail for not more than 3 months or by both fine and imprisonment. Each sale, lease, or transfer of each separate parcel of land in violation of any provision of this chapter or any local regulation adopted pursuant thereto shall be deemed a separate and distinct offense.
The appropriate remedy would have been a possible criminal action, not an action by NFC to invalidate the COS. The Court’s opinion ignores the reality of the situation and permits NFC to prevail based upon a technicality that did not impair NFC’s rights. Accordingly, I would affirm the District Court.